UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

ALLSTATE INSURANCE COMPANY,                                      Civil Action No.:

                                    Plaintiff,

            -against-                                            **COMPLAINT**

HERTZ CLAIMS MANAGEMENT
CORPORATION, ACE AMERICAN INSURANCE
COMPANY, ESIS, INC., and THE HERTZ
CORPORATION,

                                    Defendants.
-----------------------------------------------------------------x

**M A D A M S/S I R S:**

            Plaintiff ALLSTATE INSURANCE COMPANY ("Allstate") by its attorneys,

JAFFE & ASHER LLP, as and for its Complaint against defendants HERTZ CLAIMS

MANAGEMENT CORPORATION ("Hertz Claims"), ACE AMERICAN INSURANCE

COMPANY ("Ace"), ESIS, INC. ("ESIS"), and THE HERTZ CORPORATION ("Hertz"),

alleges as follows:

### JURISDICTION AND VENUE

            1.        This Court has jurisdiction over this matter pursuant to 28 U.S.C.

§1332(a) by reason of the diversity of citizenship of the parties and the fact that the amount in

controversy exceeds the sum of $75,000 exclusive of costs.

            2.        At all times hereinafter mentioned, Allstate was, and still is, a stock

insurance company organized under the laws of the State of Illinois, with its principal place of

business located at 3100 Sanders Road- Suite 201, Northbrook, IL 60062.

            3.        At all times hereinafter mentioned, Allstate was, and still is, an insurance

company duly authorized to conduct business within the State of New York.

4.      Upon information and belief, at all times hereinafter mentioned, Hertz Claims was, and still is, a corporation organized under the laws of the State of Delaware, with its principal place of business located at 225 Brae Boulevard, Park Ridge, New Jersey 07656.

5.      Upon information and belief, at all times hereinafter mentioned, Hertz Claims acted as an insurance company in the State of New York.

6.      Upon information and belief, at all times hereinafter mentioned, ESIS was, and still is, a corporation organized under the laws of the State of Pennsylvania, with its principal place of business located at 436 Walnut Street, Philadelphia, Pennsylvania 19106.

7.      Upon information and belief, at all times hereinafter mentioned, ESIS acted as an insurance company in the State of New York and is duly authorized to do business in the State of New York.

8.      Upon information and belief, at all times hereinafter mentioned, Ace was, and still is, a stock insurance company organized under the laws of the State of Pennsylvania, with its principal place of business located at 436 Walnut Street, Philadelphia, PA 19106.

9.      Upon information and belief, at all times hereinafter mentioned, Ace was, and still is, an insurance company duly authorized to conduct business within the State of New York.

10.      Upon information and belief, at all times hereinafter mentioned, Hertz was, and still is, a corporation organized under the laws of the State of Delaware, with its principal place of business located at 8501 Williams Road, Estero, Florida  33928.

11.      Upon information and belief, at all times hereinafter mentioned, Hertz was, and still is, a corporation duly authorized to conduct business within the State of New York.

2

## SUBSTANTIVE ALLEGATIONS

**A.      The Underlying Actions**

12.      On or about December 29, 2020, Jong Duk Kim ("Kim") commenced an action entitled Jong Duk Kim v. Hertz Corp. and Jason Bartlett, Index No. 036285/2020, in the Supreme Court of the State of New York, County of Rockland (the "First Underlying Action").

13.      In the First Underlying Action, Kim alleges that he was involved in an automobile accident with a vehicle owned by Hertz and driven by Jason Bartlett ("Bartlett") in Montebello, Rockland, New York, and that he suffered bodily injury as a result thereof.

14.      Upon information and belief, defendants were timely notified of the First Underlying Action.

15.      Upon information and belief, defendants, or one or more of them, assigned Roman E. Gitnik, Esq. of Lifflander & Reich LLP to defend both Hertz and Bartlett in the First Underlying Action.

16.      Upon information and belief, Mr. Gitnik and Lifflander & Reich LLP continue to defend Bartlett in the First Underlying Action.

17.      Upon information and belief, without the informed consent of Bartlett, and without providing him independent counsel, Mr. Gitnik obtained the discontinuance of all claims against Hertz in the First Underlying Action.

18.      On or about March 21, 2022, Kim commenced an action entitled Jong Duk Kim v. Allstate Insurance Company, Index No. 031147/ 2022, in the Supreme Court of the State of New York, County of Rockland (the "Second Underlying Action").

19.      In the Second Underlying Action, Kim seeks damages arising from the same accident as alleged in the First Underlying Action.

20.     In the Second Underlying Action, Kim alleges that Bartlett was acting within the scope of his employment with Allstate and thus Allstate is vicariously liable for Kim's alleged bodily injury purportedly caused by Bartlett.

21.     On or about June 16, 2022, in the Second Underlying Action, at the direction of defendants or one or more of the defendants, Mr. Gitnik and Lifflander & Reich LLP appeared as counsel for Allstate and served and filed a Verified Answer on behalf of Allstate.

B.     **The Insurance Contract**

22.     Upon information and belief, at the time of the alleged accident, Bartlett was driving a 2018 Ford vehicle (the "Vehicle") he rented Hertz pursuant to a rental agreement provided by and with Hertz (the "Rental Agreement").

23.     The Rental Agreement, on page 1, in listing the "Optional Services" states "LIS INCLUDED."

24.     The Rental Agreement, on page 2, provides as follows:

**YOU AGREE TO OPTIONAL SERVICES OF:**
LOW INCLUDED
POW DECLINED
LIS INCLUDED
PAI DECLINED

25. The Rental Agreement provides, in part, as follows:

Where permitted by law, Hertz does not provide any third party liability protection for this rental unless You purchase the option Liability Insurance Supplement (LIS).  If You declines LIS, any insurance that provides coverage to You or an Authorized Operator will be primary Liability Protection.  If You DO NOT elect Liability Insurance Supplement (LIS) and/or You violate the Rental Agreement, and Hertz makes any payment as a result of an accident You are responsible to indemnify Hertz for all payments made including attorney fees and costs.  If You elect LIS, LIS provides protection from liability for third party claims for the difference between the statutory minimum underlying liability limits and the maximum combined single limit of $1,000,000 for

4

body injury, including death and property damage (on rentals in
California and Florida the maximum combined single limit is
$2,000,000 for liability protection only).

26.     Upon information and belief, pursuant to the Rental Agreement, and other

contracts or insurance policies, defendants, or one or more of defendants, agreed to provide

liability insurance to Bartlett in the sum of $1,000,000 for bodily injury, including death and

property damage, for the claims arising from the accident alleged in the First Underlying Action.

27.     Upon information and belief, pursuant to the Rental Agreement, and other

contracts or insurance policies, defendants, or one or more of defendants, agreed to provide

liability insurance to Allstate in the sum of $1,000,000 for body injury, including death and

property damage, for the claims arising from the accident alleged in the Second Underlying

Action.

**C.     Tenders and Responses**

28.     On or about April 20, 2022, counsel for Allstate tendered the Second

Underlying Action to defendants for a defense and indemnity.

29.     Prior to April 20, 2022, the First Underlying Action was tendered to

defendants for a defense an indemnity.

30.     By letter dated June 16, 2022, Mr. Gitnik and Lifflander & Reich LLP,

wrote a letter acting as coverage counsel for defendants, which letter rejected the tender of the

defense of Allstate for the Second Underlying Action and the defense of Bartlett for the First

Underlying Action.

31.     By letter dated June 28, 2022, counsel for Allstate advised Mr. Gitnik and

Lifflander & Reich LLP that they were acting in conflict of interest and in violation of the Rules

of Professional Conduct by continuing to represent Bartlett and Allstate in the First Underlying

Action and in the Second Underlying Action, respectfully, stating in part as follows:

> Your representation of ESIS/Hertz Corp. in trying to minimize the
> insurance coverage available to Bartlett and Allstate for these
> lawsuits conflicts with your obligations to Bartlett and Allstate to
> represent them in this matter.  As counsel for Bartlett and Allstate,
> you should be working to maximize their insurance coverage for
> these lawsuits. As such, pursuant to Rule 1. 7, you should not have
> agreed to represent these conflicting interests.

32.     Mr. Gitnik and Lifflander & Reich LLP did not respond to the June 28,

2022 letter.

33.     Other than the June 16, 2022 letter from Mr. Gitnik and Lifflander &

Reich LLP, defendants failed and refused to provide a response to the tender the First Underlying

Action and the Second Underlying Action for coverage.

34.     Allstate never consented to waive any conflict of Mr. Gitnik or Lifflander

& Reich LLP.

35.     Upon information and belief, the violations of Mr. Gitnik and Lifflander &

Reich LLP's ethical obligations were done at the instigation or with the knowledge and consent

of defendants.

### AS AND FOR A FIRST CLAIM FOR RELIEF

36.     Allstate repeats, realleges, and reiterates each and every allegation

contained in paragraphs "1" through "35" of this Complaint as if more fully set forth herein.

37.     Bartlett qualifies as an insured under the Liability Insurance Supplement

provided pursuant to the Rental Agreement for the claims alleged in the First Underlying Action.

38.     Defendants are responsible for providing the Liability Insurance

Supplement provided pursuant to the Rental Agreement.

39.     Defendants, in placing and keeping conflicted counsel in place as Bartlett's defense counsel, are estopped from denying their obligations under the Liability Insurance Supplement provided pursuant to the Rental Agreement.

40.     Defendants, in breach of their contractual obligations, dispute that they are obligated to provide liability insurance up to $1 millions for the claims alleged in the First Underlying Action.

41.     Allstate seeks a determination of its rights with regard to the Liability Insurance Supplement provided pursuant to the Rental Agreement, including a declaratory judgment that defendants are required to defend and indemnify Bartlett for the First Underlying Action, with indemnity coverage up to $1 million.

42.     Allstate has no adequate remedy at law.

## AS AND FOR A SECOND CLAIM FOR RELIEF

43.     Allstate repeats, realleges, and reiterates each and every allegation contained in paragraphs "1" through "42" of this Complaint as if more fully set forth herein.

44.     Allstate qualifies as an insured under the Liability Insurance Supplement provided pursuant to the Rental Agreement for the claims alleged in the Second Underlying Action.

45.     Defendants are responsible for providing the Liability Insurance Supplement provided pursuant to the Rental Agreement.

46.     Defendants, in placing and keeping conflicted counsel in place as Bartlett's defense counsel and in placing conflicted counsel as defense counsel for Allstate, are estopped from denying their obligations under the Liability Insurance Supplement provided pursuant to the Rental Agreement.

47.     Defendants, in breach of their contractual obligations, dispute that they are obligated to provide liability insurance up to $1 million for the claims alleged in the Second Underlying Action.

48.     Allstate seeks a determination of its rights with regard to the Liability Insurance Supplement provided pursuant to the Rental Agreement, including a declaratory judgment that defendants are required to defend and indemnify Allstate for the Second Underlying Action, with indemnity coverage up to $1 million.

49.     Allstate has no adequate remedy at law.

## AS AND FOR A THIRD CLAIM FOR RELIEF

50.     Allstate repeats, realleges, and reiterates each and every allegation contained in paragraphs "1" through "49" of this Complaint as if more fully set forth herein.

51.     As a result of defendant's failure to provide a primary duty to defend Allstate, Allstate has been required to pay for its defense for the Second Underlying Action.

52.     As a result of defendants' failure to acknowledge and provide a primary duty to defend the Allstate for the Second Underlying Action, pursuant to a $2 million per accident deductible in its own insurance policy, Allstate has and will incur substantial attorneys' fees and other costs to defend itself in the Second Underlying Action.

53.     As a result of the foregoing, Allstate is entitled to a money judgment against defendants in an amount equal to what Allstate has incurred and will incur to defend and/or indemnify itself for the Second Underlying Action, in an amount to be determined by the Court, plus interest.

**WHEREFORE**, plaintiff ALLSTATE INSURANCE COMPANY demands judgment as follows:

1.  On the first claim for relief, a declaratory judgment determining the respective obligations of defendants HERTZ CLAIMS MANAGEMENT CORPORATION, ACE AMERICAN INSURANCE COMPANY, ESIS, INC., and THE HERTZ CORPORATION with respect to their duty to defend and indemnify Bartlett for the First Underlying Action, including a declaratory judgment that defendants HERTZ CLAIMS MANAGEMENT CORPORATION, ACE AMERICAN INSURANCE COMPANY, ESIS, INC., and THE HERTZ CORPORATION are obligated to defend Bartlett and that defendants HERTZ CLAIMS MANAGEMENT CORPORATION, ACE AMERICAN INSURANCE COMPANY, ESIS, INC., and THE HERTZ CORPORATION are obligated to indemnify Bartlett with indemnity limits of $1 million;

2.  On the second claim for relief, a declaratory judgment determining the respective rights and obligations of defendants HERTZ CLAIMS MANAGEMENT CORPORATION, ACE AMERICAN INSURANCE COMPANY, ESIS, INC., and THE HERTZ CORPORATION with respect to their duty to defend and indemnify plaintiff ALLSTATE INSURANCE COMPANY for the Second Underlying Action, including a declaratory judgment that defendants HERTZ CLAIMS MANAGEMENT CORPORATION, ACE AMERICAN INSURANCE COMPANY, ESIS, INC., and THE HERTZ CORPORATION are obligated to defend plaintiff ALLSTATE INSURANCE COMPANY and that defendants HERTZ CLAIMS MANAGEMENT CORPORATION, ACE AMERICAN INSURANCE COMPANY, ESIS, INC., and THE HERTZ CORPORATION are obligated to indemnify plaintiff ALLSTATE INSURANCE COMPANY with indemnity limits of $1 million;

2.  On the third claim for relief, a money judgment in favor of plaintiff ALLSTATE INSURANCE COMPANY and against defendants HERTZ CLAIMS

MANAGEMENT CORPORATION, ACE AMERICAN INSURANCE COMPANY, ESIS, INC., and THE HERTZ CORPORATION, jointly and severally, in an amount to be determined by the Court, plus interest; and

     5. Granting plaintiff ALLSTATE INSURANCE COMPANY recovery of the costs and disbursements of this action, plus attorneys' fees, together with such other and further relief as this Court deems just and proper.

Dated:  White Plains, New York
   December 2, 2022

          Yours, etc.,

          JAFFE & ASHER LLP

          By:_____
            Marshall T. Potashner, Esq.
          Attorneys for Plaintiff
          ALLSTATE INSURANCE COMPANY
          445 Hamilton Avenue, Suite 405
          White Plains, New York 10601
          (212) 687-3000